UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 26-mj-23 (PAM/DLM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Alfredo Alejando Aljorna and Julio Cesar Sosa-Celis, | |
| Defendants. | |

_____

This matter is before the Court on the Government's Motion to Revoke Order of Release. (Docket No. 24.) The Court held a hearing on the Motion on February 3, 2026. As ordered at the hearing and for the reasons explained below, the Court denies the Motion.

Magistrate Judge Douglas L. Micko held a pretrial detention hearing and ordered that Defendants Alfredo Alejandro Aljorna and Julio Cesar Sosa-Celis be released with conditions. (Docket Nos. 20, 22.) The Orders were stayed pending the hearing on the Government's Motion. A district judge reviewing a magistrate judge's pretrial order of release or detention must conduct a de novo review of that order. See United States v. Maull, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc).

> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community, take into account the available information concerning—
> (1) the nature and circumstances of the [crime] . . . ;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including-
>     (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the

> community, community ties, past conduct, . . . criminal history, and record concerning appearance at court proceedings;
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). The Court may only detain Aljorna and Sosa-Celis before trial if the Government proves by a preponderance of the evidence that no condition or combination of conditions will reasonably assure their appearance in court or the safety of the community. See 18 U.S.C. § 3142(e).

After conducting a de novo review, the Court agrees with Judge Micko in finding that release is warranted because the combination of conditions will reasonably assure Defendants' appearance at future proceedings without endangering the community. The Court notes that Judge Micko held an evidentiary hearing, and was thus in a better position to determine creditability. It is clear to the Court that an assault took place and that there was an attempt to flee law enforcement. Although both of those factors can be—and often are—grounds for detention, the record before the Court does not support detention. The nature and circumstances of the offense are serious, yet the Court balances that against the fact that Defendants have minimal criminal history and strong community ties, which lessen the risk of flight. The Court takes into account the Government's arguments regarding flight and concludes that, along with the general conditions of release, the additional conditions, including travel restrictions, GPS monitoring to occur within 72 hours of release from Immigration and Customs Enforcement ("ICE") custody, and in Aljorna's case, home detention, will lessen that risk. The Court finds that the evidence presented by the Government does not demonstrate that Aljorna and Sosa-Celis pose a

danger to the community. The Court is satisfied combination of conditions can reasonably assure Aljorna and Sosa-Celis's appearance in court.

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Government's Motion to Revoke Order of Release (Docket No. 24) is **DENIED**;

2. The Orders Setting Conditions of Release (Docket Nos. 20, 22) are **REINSTATED**; and

3. Defendant Sosa-Celis's Order of Release is **AMENDED** to add the condition of GPS monitoring (Condition 7(q)) to occur within 72 hours of his release if he is released from ICE custody in the District of Minnesota.

Dated: February 5, 2026

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge